# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROSPERO AND YOLANDA PALMERIN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF NEW YORK TRUST CO., et al.,<br><br>　　　　　Defendants. | 1:12cv0139 LJO DLB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiffs Prospero and Yolanda Palmerin ("Plaintiffs"), appearing pro se and proceeding in forma pauperis, filed the instant action on January 30, 2012. Plaintiffs essentially challenge the validity of foreclosure on certain real property and name Bank of New York Trust Co., Recontrust CO, NA and Does 1 through 50 as defendants.

## DISCUSSION

A.　Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiffs, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiffs' favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

B.      Plaintiffs' Allegations

Plaintiffs challenge the non-judicial foreclosure of residential property located in Modesto, California. Complaint ¶¶ 3, 20.

According to the complaint, Plaintiffs contend that Defendants placed them in a sub-prime loan and charged excessive fees that stripped the equity from the residential property. Complaint ¶¶ 26-27. Plaintiffs experienced financial hardship and applied for a loan modification through the "Making Home Affordable Program." Defendant Bank of New York Trust Co. denied the application. Complaint ¶ 28.

Defendant Recontrust Co. sent Plaintiffs a Notice of Default on or about April 16, 2010. Complaint ¶ 21. Defendants made "excessive telephone calls during the day and evenings trying to collect the payment." Complaint ¶ 31.

Plaintiffs were unaware that they would not be able to refinance their loan due to negative amortization. Complaint ¶ 33. Defendants represented that negotiations would take place to modify the terms of the subject loan. Complaint ¶ 66. Plaintiffs continued to make payments on the loan. Without making any attempts to modify the loan terms, Defendants issued a Notice of Trustee Sale and foreclosed on the residential property. Complaint ¶ 67.

Plaintiffs assert fourteen separate causes of action: (1) violation of California Civil Code § 2923.6; (2) promissory estoppel; (3) fraud; (4) to set aside the trustee's sale; (5) to void or cancel the trustee's deed upon sale; (6) wrongful foreclosure; (7) breach of contract; (8) breach of the implied covenant of good faith and fair dealing; (9) violation of California Business and Professions Code §§ 17200 et seq.; (10) quiet title; (11) slander of title; (12) declaratory relief;

1 (13) violation of the Fair Debt Collections Practice Act, California Civil Code § 1788.17; and

2 (14) violation of California Civil Code § 1572.

C. Analysis

1. California Civil Code § 2923.6

Plaintiffs' first claim alleges violations of California Civil Code section 2923.6 based on Defendants failure to provide a loan modification. Plaintiffs aver that they are willing to execute a loan modification on certain terms and that Defendants are "now contractually bound to accept the loan modification." Complaint ¶¶ 59, 63.

Section 2923.6 provides:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, . . . and that a servicer acts in the best interests of all parties . . . if it agrees to or implements a loan modification or workout plan for which both of the following apply:
>
> (1) The loan is in payment default, or payment default is reasonably foreseeable.
>
> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
>
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification is consistent with its

Section 2923.6 does not provide a private claim for relief to borrowers. *Bulaoro v. Oro Real, Inc.*, 2011 WL 6372458, *8 (N.D. Cal. Dec.20, 2011); *Manabat v. Sierra Pacific Mortg. Co., Inc.*, 2010 WL 2574161, *9 (E.D. Cal. Jun. 25, 2010) ("[N]othing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right action for borrowers.") (citation omitted). Plaintiffs fail to state a cognizable claim under section 2923.6.

2. Promissory Estoppel

Plaintiffs' second claim alleges promissory estoppel. A claim for promissory estoppel requires: "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." *Boon Rawd Trading Int'l Co., Ltd.*

1  *v. Paleewong Trading Co., Inc.*, 688 F.Supp.2d 940, 953 (N.D. Cal.2010) (citing *Ecology, Inc. v.*
2  *State of California*, 129 Cal.App.4th 887, 901–902, 904, 28 Cal.Rptr.3d 894 (2005)).

3        Here, Plaintiffs allege that Defendants "made representations to Plaintiffs that
4  negotiations [would] take place for the purpose of modifying the terms of the Subject Loan."
5  Complaint ¶ 66.  In reliance on the representations, Plaintiffs continued to make payments on the
6  loan and did not pursue legal action.  Without making any attempts to modify the loan terms,
7  Defendants issued a Notice of Trustee Sale and foreclosed on the property.  Complaint ¶¶ 66-68.
8  These allegations do not indicate that Defendants clearly and unambiguously promised to modify
9  Plaintiffs' loan.  Rather, according to the complaint, Plaintiffs applied for a loan modification,
10 but Defendants denied the request prior to foreclosure.  Complaint ¶¶ 28-29.  Accordingly,
11 Plaintiffs do not state a claim for promissory estoppel.

12       3.      <u>Fraud and California Civil Code § 1572</u>

13       Plaintiffs' third claim alleges fraud based on Defendants' purported concealment of
14 material facts regarding the payments, notices, assignments, transfers, late fees and charges with
15 the intent to defraud.  Complaint ¶ 70.  Plaintiffs claim they would not have used Defendants as
16 their lender, servicer and trustee if they had known the true facts.  Complaint ¶ 71.

17       "Fraud is an intentional tort, the elements of which are: (1) misrepresentation; (2)
18 knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5)
19 resulting damage." *Cicone v. URS Corp.*, 183 Cal.App.3d 194, 200, 227 Cal.Rptr. 887 (1986).
20 Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to state-law causes of
21 action.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir.2003).  To comply with
22 Rule 9(b), the circumstances constituting fraud shall be stated with particularity.  *Moore v.*
23 *Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989) ("A pleading is sufficient
24 under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can
25 prepare an adequate answer from the allegations.").  It is sufficient to plead items such as the
26 time, place and nature of the alleged fraudulent activities.  *Id.*  "Rule 9(b) does not allow a
27 complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate
28 their allegations when suing more than one defendant ... and inform each defendant separately of

the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir.2007). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.' " *Id.* at 765 (citing Moore, 885 F.2d at 541).

Plaintiffs fail to state a claim for fraud. Plaintiffs' fraud claims are based on the failure of Defendants to explain the full terms of their loan, including "the rate of interest, how the interest rate would be calculated, what the payment schedule should be, the risks and disadvantages of the loan, prepay penalties, the maximum amount of the monthly loan payment," fees to obtain the loan, and negative amortization. Complaint ¶¶ 24-25, 33. However, Plaintiffs do not allege that Defendants made any false statements about the terms of the deal.

To the extent Plaintiffs' fraud claim is premised on the contention that they obtained a loan from Defendants that they could not afford or that Defendants concealed the fact that Plaintiffs were not qualified for the loan, the claim fails. *See, e.g.*, *Cross v. Downey Savings & Loan Ass'n*, 2009 WL 481482 (C.D. Cal. Feb. 23, 2009) (lender has no duty to determine the borrower's ability to repay the loan).

Plaintiffs also allege a separate claim under California Civil Code § 1572, which essentially codifies the elements of common law fraud. Because Plaintiffs have alleged common law fraud, their claim under § 1572 is redundant and is likewise insufficient to state a claim.

4. <u>Setting Aside Trustee's Sale and Voiding or Cancelling the Trustee's Deed Upon Sale</u>

Plaintiffs' fourth and fifth claims allege that Defendants did not have the legal authority to foreclose because the Deed of Trust was improperly assigned and/or transferred from the original lender. Plaintiffs seek an order that the trustee's sale was void and cancelling the trustee's deed upon sale. Complaint ¶¶ 75-76, 78-79.

Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender offer of payment of the indebtedness for which the property was security. *See Panjoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1183–84 (N.D. Cal.2009); *see also Lopez v. Chase Home Finance*, LLC, 2009 WL

5

1120318, *6 (E.D. Cal. 2009) (stating that "to enjoin a foreclosure sale due to non-judicial foreclosure defects, the [borrower] must in good faith tender amounts to cure the default"); *Yazdapanah v. Sacramento Valley Mortgage Group*, 2009 WL 4573381,*7 (N.D. Cal.2009) (stating that "[w]hen a debtor is in default ..., and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secure debt to maintain any cause of action for wrongful foreclosure"). This tender requirement bars any claims "implicitly integrated" with foreclosure. *See, e.g., Arnolds Mgmt. Corp., v. Eischen,* 158 Cal.App.3d 575, 205 Cal.Rptr. 15 (1984) (affirming dismissal of claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale); *Wallace v. Mortgage Electronic Registration Sys.*, 2012 WL 944485, *4 n. 1 (C.D. Cal. Jan. 11, 2012).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun,* 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, *and must fairly make known his purpose without ambiguity*, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165 (1988) (emphasis in original). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Id.*

Plaintiffs have not alleged that they are willing and able to satisfy this requirement to tender the balance of the loan. Plaintiffs will be given leave to amend their complaint to correct this defect if they are able to do so.

       5.    <u>Wrongful Foreclosure</u>

Plaintiffs' sixth claim alleges wrongful foreclosure. As with their claims to set aside the trustee's sale and to cancel the deed of trust upon sale, Plaintiffs fail to state a claim for wrongful foreclosure because they have not alleged their ability to tender the amount of their indebtedness. "It would be futile to set aside a foreclosure sale on [technical grounds], if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *Adesokan v. U.S. Bank, N.A.*, 2011 WL 5241178, *3 (E.D. Cal. Oct. 31, 2011) (quoting *U.S.*

*Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). Plaintiffs do not have an actionable wrongful foreclosure claim absent credible allegations of the ability to tender the indebtedness.

Insofar as Plaintiffs assert that Defendants were required to possess the original note, Plaintiffs are mistaken. "It is well established that there is no requirement under California law that the party initiating foreclosure be in possession of the original note." *Clark. v. Countrywide Home Loans, Inc.*, 732 F.Supp.2d 1038 (E.D. Cal. Aug. 9, 2010) (plaintiff's assertion that defendants did not possess the note was not grounds for a wrongful foreclosure claim); *Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1053 (E.D. Cal. 2009); *Putkkuri v. Recontrust Co.*, 2009 WL 32567, *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *Candelo v. NDex West, LLC*, 2008 WL 5382259, *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure.").

Plaintiffs fail to state a wrongful foreclosure claim.

6. <u>Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiffs' seventh claim alleges breach of contract. The essential elements of a breach of contract claim are: (1) the existence of a valid contract between the parties; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's unjustified or unexcused failure to perform; and (4) damages to plaintiff caused by the breach. *Isee Lortz v. Connell*, 273 Cal.App.2d 286, 290 (1989). Here, Plaintiffs claim that Defendants breached the contract by failing to properly apply their payments to the note. However, it is unclear whether Plaintiffs were compliant with their payment obligations given the notice of default and their allegations that payments were applied to interest, not principal, based on a negative amortization home loan. Therefore, Plaintiffs fail to state a breach of contract claim.

Plaintiffs' eighth claim alleges breach of the implied covenant of good faith and fair dealing based on Defendants' refusal to assist Plaintiffs with alternative options to prevent foreclosure and refusal to modify the loan agreement. Complaint ¶¶ 94-95.

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F.Supp.2d 1012, 1021–22 (N.D. Cal.2009) (citing *Racine & Laramie v. Dep't of Parks & Rec.*, 11 Cal.App.4th 1026, 1031, 14 Cal.Rptr.2d 335 (1992)). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1094, 8 Cal.Rptr.3d 233 (2004).

Plaintiffs allege that the contract supporting their breach of the implied covenant claim is the loan agreement. Complaint ¶ 93. However, there is no allegation that the loan documents required Defendants to modify the terms of Plaintiffs' loan. Accordingly, Plaintiffs fail to state a claim for breach of the implied covenant of good faith and fair dealing.

  7. Violation of California Business and Professions Code §§ 17200 *et seq.*

Plaintiffs' ninth claim alleges violations of the California Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et seq.* Plaintiffs' allegations relate to the marketing, servicing and terms of their loan agreement. Complaint §§ 103-104.

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "To state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law." *Finuliar v. BAC Home Loans Servicing, L.P.*, 2011 WL 4405659, at *9 (N.D. Cal. Sep. 21, 2011) (citing *People v. McKale*, 25 Cal.3d 626, 635, 159 Cal.Rptr. 811, 602 P.2d 731 (1979)). As explained throughout this order, all of Plaintiffs' underlying claims fail to state a claim. For the same reason, Plaintiffs' UCL claim also fails to the extent it is based on those asserted claims.

  8. Quiet Title

Plaintiffs' eighth claim seeks to quiet title to the residential property.

California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title action to include: (1) a legal description and street address of the subject real property;

8

(2) the title of the plaintiff as to which determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.

Here, the complaint fails to establish "adverse claims" to Plaintiffs' title, if any. A deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in payment of his debt." *Lupertino v. Carbahal*, 35 Cal.App.3d 742, 748, 111 Cal.Rptr. 112 (1973). Plaintiffs have not alleged that Defendants have an interest in the property subject to a quiet title claim.

Moreover, a quiet title claim is doomed in the absence of Plaintiffs' tender. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt"). With the complaint's absence of a meaningful ability or willingness to tender Plaintiffs' indebtedness, Plaintiffs cannot maintain a quiet title claim.

9.  <u>Slander of Title</u>

Plaintiffs' eleventh claim alleges that Defendants slandered their title when the Notice of Default, Notice of Trustee's Sale and Trustee's Deed Upon Sale were recorded. Complaint ¶¶ 118-120.

Slander of title "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." *Truck Ins. Exch. v. Bennett*, 53 Cal.App.4th 75, 61 Cal.Rptr.2d 497, 503 (1997). "The elements of the tort are (1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." *Id.* (internal quotation marks omitted).

Plaintiffs fail to allege a basic element of a slander of title claim, i.e., the falsity of the documents recorded by Defendants. Plaintiffs also fail to allege a direct pecuniary loss as a result of the publications. Therefore, Plaintiffs fail to state a slander of title claim.

      10.     <u>Declaratory Relief</u>

Plaintiffs' twelfth claim is for declaratory relief and is ultimately a request for relief based upon their wrongful foreclosure and other substantive claims. This claims is unnecessary. When a claim for declaratory relief seeks to address past wrongs and is duplicative of other claims, then the declaratory relief is unnecessary and redundant. *See Chan v. Chancelor*, 2011 WL 5914263, *6 (N.D. Cal. Nov. 28, 2011); *Ruiz v. Mortg. Elec. Registration Sys., Inc.*, 2009 WL 2390824, *6 (E.D. Cal. Aug. 3, 2009) (dismissing claim for declaratory judgment where foreclosure already occurred).

      11.     <u>Fair Debt Collections Practice Act, California Civil Code § 1788.17</u>

Plaintiffs' thirteenth claim alleges violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 *et seq.*

The RFDCPA prohibits "debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1(b). The RFDCPA defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). Foreclosing on a property is not the collection of a debt within the meaning of the RFDCPA. *Izenburg v ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); *see also Altman v. PNC Mortg.*, 2012 WL 174966, *8 (E.D. Cal. Jan. 20, 2012) (dismissing RFDCA claim because foreclosure does not constitute debt collection). As Plaintiffs claims arise out of foreclosure on their residential property pursuant to a deed of trust, they cannot state a claim for violation of the RFDCPA.

D.    <u>Conclusion</u>

Based on the above, Plaintiffs' complaint is DISMISSED WITH LEAVE TO AMEND.

Plaintiffs should only amend those claims that they believe, given the above standards, are cognizable. In amending their complaint, Plaintiffs are informed that the Court cannot refer to a prior pleading in order to make their amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v.*

1  *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiffs file an amended complaint, the original
2  pleading no longer serves any function in the case.
3     Plaintiffs may file an amended complaint within **thirty (30) days** of the date of service of
4  this order. Plaintiffs' complaint should be clearly titled, "First Amended Complaint," and shall
5  refer to the case number assigned to this action. It must contain a short and plain statement of
6  their claims and must clearly set forth the causes of action alleged against each Defendant.
7     If Plaintiffs do not file an amended complaint within this time frame and in accordance
8  with this order, the Court will recommend that this action be dismissed for failure to state a
9  claim.

11  IT IS SO ORDERED.

12  **Dated:   February 3, 2012**                  **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE